TARA K. McGRATH
United States Attorney
LAUREN G. LaBUFF
Assistant U.S. Attorney
Arizona Bar No.: 029151
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9732
Email: lauren.labuff2@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$268,440.00 in U.S. Currency,<br><br>Defendant. | Case No.: '23CV2172 CAB MSB<br><br>**VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM** |

Plaintiff, the United States of America, by and through its counsel, Tara K. McGrath, United States Attorney, and Lauren G. LaBuff, Assistant United States Attorney, alleges the following in accordance with Supplement Rule G of the Federal Rules of Civil Procedure:

## I.    NATURE OF THE ACTION

1. This is a civil action for forfeiture of $268,440.00 (the "Defendant Funds") in U.S. Currency, seized by Drug Enforcement Administration (DEA) on June 13, 2023 from the hotel room of the decedent, Zachary Owen Arnell. The Defendant Funds are subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed

chemical, all proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Title 21, United States Code, Sections 841(a)(1) and 846, to wit: drug distribution and conspiracy to commit a violation of the Controlled Substances Act. The Defendant Funds are also subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," as defined in Title 18, United States Code, Section 1957(c)(7), including cross-reference to Title 18, United States Code, Section 1961(1)(D), or a conspiracy to commit such offense.

## II.   JURISDICTION AND VENUE

2.   This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1345 because this action has been commenced by the United States, and under Title 21, United States Code, Section 1355(a) because this is an action for recovery and enforcement of a forfeiture under an Act of Congress. This Court has *in rem* jurisdiction over the Defendant Funds under Title 28, United States Code, Section 1355(b).

3.   Venue is proper in the Southern District of California under Title 28, United States Code, Sections 1355(b)(1) and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Funds are located in this district.

## III.   PERSONS AND ENTITIES

4.   Plaintiff is the United States of America.

5.   Defendant is $268,440.00 in U.S. Currency, seized by the DEA on June 13, 2023 from the decedent, Zachary Owen Arnell. The *res* was deposited into the Seized Asset Deposit Fund (SADF) and is in the custody of the United States Marshals Service (USMS) in this district.

## IV.   STATEMENT OF FACTS

6.   On June 13, 2023, San Diego Police Department (SDPD) officers were

dispatched to a death call in Room 1109, the Presidential Suite, at the Doubletree Hotel, located at 7450 Hazard Center Drive, San Diego, California 92108. SDPD officers entered Room 1109 and found Zachary Owen Arnell (hereinafter "Arnell") deceased. SDPD officers notified the San Diego Medical Examiner's Office (MEO) and San Diego County Integrated Narcotic Task Force (NTF). NTF specializes in narcotics investigations and is comprised of officers from various Federal, State, and local agencies.

7. NTF officers assisted the MEO with a search of Room 1109 upon arrival at the scene. Room 1109 was a large, suite-style room with separate bedroom, bathroom, and living room areas.

8. In the bedroom, NTF officers and the MEO found drug paraphernalia, some of which was used, and tested positive for the presence of fentanyl. Also in the bedroom, NTF officers found several pairs of designer shoes, designer clothing, and a Rolex watch.

9. On a nightstand in the bedroom, NTF officers found a set of keys to Zachary Owen Arnell's black 2022 Mercedes sedan, and a black Apple iPhone (herein referred to as the "Black Phone"). NTF officers searched the black 2022 Mercedes sedan in the hotel parking garage and found three more Apple iPhones.

10. In the living room area, NTF officers also found a grey Apple iPhone in a clear plastic (herein referred to as the "Grey Phone").

11. During a search of the master bath/closet area, NTF officers located a safe in the master closet. The Doubletree Hotel Security Manager opened the safe. Inside the safe, NTF officers found the Defendant Funds. The Defendant Funds were rubber-banded in stacks of various sizes and denominations. In total, the currency was comprised of 1,684 x $100 bills; 955 x $50 bills; 2,612 x $20 bills; and 5 x $10 bills. One of the stacks contained a pink sticky note on the top with a handwritten note that said, "Profit NBP $9,600." The following items were also found in the safe with the Defendant Funds:

    a. One clear "Ziploc" style baggie containing MDMA (a/k/a ecstasy/molly); 4.2 near net grams, 33.6 gross grams);

    b. Three clear "Ziploc" style baggies containing cocaine; 8.2 near net grams, 37.4 gross grams); and

    c. One clear "Ziploc" style baggie containing four alprazolam tablets (a/k/a Xanax); 30.6 gross grams).

12. On June 14, 2023, task force officers performed a canine alert test on the Defendant Funds. The canine, Voodoo (last certified 03/21/23), positively alerted to the Defendant Funds for the presence of controlled substances.

13. On June 14, 2023, Eugene Arnell, Arnell's father, was interviewed via telephone by NTF officer Lisa Amman and stated Zachary worked as a distributor in the cannabis industry. When asked by NTF officer Lisa Amman if he believed all of the Defendant Funds constituted cash from Arnell's cannabis business, Eugene Arnell responded, "Oh I know it was."

14. A state search warrant was obtained for the cell phones discovered during law enforcement's response to Arnell's hotel room. The warrant granted permission to law enforcement officers to search all of the phones, which included the Black Phone and the Grey Phone.

15. After searching both the Black Phone and the Grey Phone, officers were able to determine that based on the contents of each phone, Arnell appeared to use the Black Phone as a personal phone while using the Grey Phone to conduct his cannabis distribution business.

16. During the search of the Black Phone, it was discovered that Arnell associated with an individual with two prior arrests by state authorities for Possession of Marijuana for Sale, and one prior arrest by state authorities for Possession of Concentrated Cannabis. Additionally, NTF officers discovered that between January 16, 2023 and May 27, 2023, Zachary Owen Arnell received $23,106.00 from this individual via "Cash App" transactions.

17. During the search of the Grey Phone, TFO Amman discovered that there were two SIM cards in the phone, one associated with a phone number ending in -5586 and the other associated with a phone number ending in -4254.

18. During the search of the Grey Phone, it was discovered that Arnell was a member of a group messaging chat titled "Goodfellas OT Thread," in which the group discussed shipping parcels containing cannabis products. Arnell was also a member of a separate chat with two other individuals in which the group discussed an order comprised of three different strains of cannabis in exchange for approximately $25,000 to $30,000. These message threads were found on the lock screen of the Grey Phone on June 13, 2023.

19. The search of the Grey Phone also revealed that Zachary Owen Arnell was a member of several other group messaging chats hosted on Telegram, an encrypted messaging application. These chats included: "Oklahoma Distro," "Box Mafia Family," "Bigger Better Bags…," "Whiteboy rick menu," "Kosher inventory," "Elon Packs," "YOURLOCALSHO…" "Cali Plug Menu REAL," "Trap Central," and "Trap Connecte…". "Trap Central" and "Trap Connecte…" contained photographs of a green leafy substance that appeared to be marijuana.

20. From their training and experience, NTF officers know that Telegram is commonly used by drug traffickers to conceal messages regarding illegal activities.

21. From their training and experience, NTF officers know that the chat "Oklahoma Distro" likely refers to distribution occurring in the state of Oklahoma. From their training and experience, NTF officers know that "plug" is a slang term for someone who sells controlled substances, and "trap" is a slang term for a hidden place where controlled substances are stored or sold.

22. User account information found during the search of the Grey Phone linked the Telegram account "goodfellasca" to the phone number ending in -5586, which was linked to the SIM card found in the Grey Phone.

23. During further review of the contents of the Grey Phone, TFO Amman

determined that on numerous occasions Arnell used the "goodfellasca" account to send out price information for specific cannabis products.

24. The Grey Phone also contained notes containing what appear to be draft advertisements for Goodfellas.

25. One of these notes, created by Arnell on January 8, 2023, read: "WE WONT ANSWER ANY QUESTIONS UNTIL YOU VERIFY BY SENDING A VIDEO OF RACKS/PACKS WITH GOODFELLAS ON A PIECE OF PAPER OR FACE TIME. THE PRICES THAT I POST ARE FOR TOM BRADY ORDERS. IF YOU ARE COMING IN TOWN ASK ME FOR PRICE SHEET AND SCHEDULE AN APPOINTMENT. WE ARE 10K MINIMUM FOR INTOWNS AND 3000 MINIMUM FOR TOM BRADYS… TO DM US ON TELEGRAM HIT UP @goodfellasca…"

26. Based on training and experience, agents believe that "rack" is slang for $1,000 U.S. currency, "packs" are bundles of cannabis. Agents also believe that "Tom Brady" refers to packs that will be shipped to the buyer, whereas "in town" refers in person purchases.

27. Information obtained from the search of the Grey Phone also revealed that Arnell and the Goodfellas DTO were shipping cannabis products outside of California.

28. A WhatsApp chat found on the Grey Phone revealed a conversation among Arnell and several other individuals discussing out of state orders with destination addresses in New Jersey, Maryland, Delaware, Pennsylvania, Wisconsin, Minnesota, and New Mexico.

29. The same WhatsApp chat contained a screenshot of a spreadsheet of information with order information and corresponding package destination addresses for several orders. The WhatsApp chat also contained photos of various packages with United States Postal Service labels with tracking numbers addressed to out of state locations. All of the packages had the same return address, which was in Burbank, California.

30. Other messages found on the Grey Phone revealed that Goodfellas obtained its cannabis products from other local cannabis retail group and local cannabis "grows" or farms. One text message exchange mentioned Zachary Arnell going to the "farm" to look at product, and also included a reference to a farm in Perris, which agents believe is a reference to Perris, California.

31. Messages found on the Grey Phone between Zachary Arnell and another individual associated with Goodfellas describe transactions involving cash, using money counters, and cannabis orders each totaling in the tens of thousands of U.S. dollars.

32. On May 10, 2022, Arnell advised the individual via text message, "Yo never count our money in front of anyone. Let [Goodfellas DTO member] take his profits and put the rest in the safe. Yo just put the money away and we'll do it later."

33. The search of the Grey Phone revealed Zachary Arnell was conducting cannabis distribution business through various messaging apps as recently as June 13, 2023.

34. On or about August 31, 2023, the DEA received a verified claim submitted by Stephen J. Fisch, an attorney representing Lisa Arnell who claims an ownership interest in the Defendant Funds.

35. On or around September 13, 2023, the DEA received a verified claim submitted by Mitchell & Mitchell, LLC, a law firm representing Howard J. Miller, *et al*. who claim to possess a recoverable judgment concerning the Defendant Funds.

36. The statutory deadline to file a civil complaint for forfeiture of the Defendant Funds is November 29, 2023. Thus, this action is timely.

## V. CLAIM FOR RELIEF

37. The United States repeats and incorporates by reference the paragraphs above.

38. Based on the foregoing and other acts, the Defendant Funds are subject to forfeiture under Title 21, United States Code, Section 881(a)(6) as moneys, negotiable

instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Title 21, United States Codes, Sections 841(a)(1) and 846, to wit: drug distribution and conspiracy to commit a violation of the Controlled Substances Act.

39. The Defendant Funds are also subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," as defined in Title 18, United States Code, Section 1957(c)(7), including cross-reference to Title 18, United States Code, Section 1961(1)(D), or a conspiracy to commit such offense.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the Defendant Funds, that due notice be given to all interested parties to appears and show cause why forfeiture should not be decreed, that the Defendant Funds be condemned and forfeited to the United States to be disposed of according to law, and for such other and further relief as this Court may deem just and proper.

DATED:   November 28, 2023

Respectfully submitted,

TARA K. McGRATH
United States Attorney

 *s/ Lauren G. LaBuff*
LAUREN G. LABUFF
Assistant U.S. Attorney
Attorneys for the United States